KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William F. Crudup, | No. CV 11-1644-PHX-DGC (MHB) |
| Petitioner, | **ORDER** |
| vs. | |
| Dennis R. Smith, | |
| Respondent. | |

On August 22, 2011, Petitioner William F. Crudup, who is confined in Federal Correctional Institution-Phoenix in Phoenix, Arizona, filed a *pro se* Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1). In a September 13, 2011 Order, the Court directed Petitioner to pay the filing fee or file an Application to Proceed *In Forma Pauperis*. On October 6, 2011, Petitioner paid the filing fee and filed an Application to Proceed. Because Petitioner has now paid the filing fee, the Court will deny the Application to Proceed as moot. The Court will dismiss the Petition for lack of jurisdiction.

**I.   Petition**

In his Petition, Petitioner names Warden Dennis R. Smith as the Respondent and raises one ground for relief in which he claims that he is "actually innocent" of the sentencing enhancement he received under the career criminal act. Petitioner claims that simple possession offenses and simple assault offenses do not count as prior convictions for

the purpose of career offender sentence enhancement and could not be used to enhance his sentence.

**II.    Discussion**

A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is generally the appropriate method for challenging a federally imposed conviction or sentence, including a challenge that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988). A § 2241 petition for writ of habeas corpus is not a substitute for a motion under § 2255. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The Court will not consider a § 2241 petition by a prisoner authorized to apply for § 2255 relief "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997). This exception is narrow. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner. McGhee, 604 F.2d at 10; Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

The § 2255 remedy is not inadequate or ineffective merely because the statute of limitations bars Petitioner from filing a motion under § 2255, the sentencing court has denied relief on the merits, or § 2255 prevents Petitioner from filing a second or successive petition. See id.; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999); Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999); Tripati, 843 F.2d at 1162. The § 2255 remedy is inadequate or ineffective "when a petitioner claims to be (1) factually innocent of the crime for which he has been convicted; and, (2) he has never had an unobstructed procedural shot at presenting this claim." Ivy, 328 F.2d at 1060 (citing Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000).

1   Petitioner has failed to meet his burden.  Petitioner must demonstrate that he is
2  factually innocent of the federal crimes for which he was convicted, not the sentencing
3  enhancement.  <u>Padilla v. United States</u>, 416 F.3d 424, 427 (5th Cir. 2005) (Section 2241
4  petition did not fall within the savings clause of § 2255 where petitioner did not attack his
5  conviction and his claims only challenged the validity of his sentence enhancement); <u>United
6  States v. Peterman,</u> 249 F.3d 458, 462 (6th Cir. 2001) (savings clause inapplicable where
7  defendants "do not argue innocence, but instead challenge their sentences"); <u>Kinder v. Purdy,</u>
8  222 F.3d 209, 213-14 (5th Cir. 2000) (claim that petitioner was actually innocent of being
9  a career offender was insufficient to warrant application of savings clause where petitioner
10 did not assert he was "actually innocent of the crime for which he was convicted"); <u>Collins
11 v. Ledezma</u>, 724 F. Supp. 2d 1173, 1179-82 (W.D. Okla.), *aff'd*, 400 Fed. Appx. 375 (10th
12 Cir. 2010) (summarizing cases and concluding that "[p]etitioner's claim that he is 'actually
13 innocent' of a sentencing enhancement does not come within the scope of § 2255's savings
14 clause."); <u>see</u> <u>also</u> <u>Seabrook v. United States</u>, 2010 WL 5394773, *3 (E.D. Cal. 2010)
15 (petitioner failed to satisfy actual innocence prong when he alleged that he was actually
16 innocent of being a career offender; "[p]etitioner must demonstrate that he is factually
17 innocent of the crime for which he has been convicted, not the sentence imposed").
18 Accordingly, the Court will dismiss the § 2241 Petition and this case for lack of jurisdiction.
19 <u>See</u> 28 U.S.C. § 2255(a); <u>Tripati</u>, 843 F.2d at 1163.
20 **IT IS ORDERED**:
21   (1)   Petitioner's October 6, 2011 Application to Proceed *In Forma Pauperis*
22 (Doc. 4) is **denied as moot**.
23   (2)   Petition Under 28 U.S.C. § 2241 (Doc. 1) and this case are **dismissed for lack**
24 **of jurisdiction**.  The Clerk of Court must **enter judgment accordingly and close this case**.
25 . . .
26 . . .
27 . . .
28 . . .

1    (3)    In the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).[1]

DATED this 22nd day of November, 2011.

_____
David G. Campbell
United States District Judge

---

[1] Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence. See Porter v. Adams, 244 F.3d 1006 (9th. 2001).

- 4 -